UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER PEPPARS,

Plaintiff,

v.

SPARC GROUP LLC, A DELAWARE LIMITED LIABILITY COMPANY, et al.,

Defendants.

Case No. 25-cv-03618-HSG

**ORDER DENYING EX PARTE APPLICATION**

Re: Dkt. No. 36

Pending before the Court is Plaintiff's second ex parte application to extend the April 6, 2026 deadline to file a motion for class certification.  Dkt. No. 36.  A pretrial scheduling order "may be modified only for good cause."  Fed. R. Civ. Proc. 16(b)(4).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "If that party was not diligent, the inquiry should end."  *Id.*  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*

Plaintiff has not shown that she was diligent.  On August 7, 2025, the Court entered the parties' stipulated scheduling order, which set the deadline for Plaintiff to file a motion for class certification as March 6, 2026.  Dkt. No. 23.  Despite having nearly seven additional months for discovery, Plaintiff had not deposed Defendant's 30(b)(6) witness by late February, and Defendant had only partially deposed Plaintiff.  *See* Dkt. No. 24 at 5–9.[1]  Plaintiff filed her first ex parte

---

[1] Neither party is blameless for this.  Plaintiff apparently made some effort to get the 30(b)(6) deposition scheduled in September and early October 2025.  Dkt. No. 27, Ex. E.  In October through December, the parties frequently took a week or more to respond to each other.  Dkt. No. 27, Ex. I.  In January, Plaintiff twice backed out of her agreed-upon deposition date.  *Id.*; Dkt. No.

United States District Court
Northern District of California

application to extend the deadline for filing the motion for class certification.  Dkt. No. 24.  The Court granted a 30-day extension so that Plaintiff could depose Defendant's 30(b)(6) witness, Dkt. No. 33, explaining that it would not permit further extensions.  The parties scheduled a 30(b)(6) deposition on March 18, 2026, of Minerva Abujawdeh, who was apparently Defendant's vice president of human resources between February 2023 and February 2025, and is currently a regional human resources manager for Defendant.  Dkt. No. 36-1, Ex. F at 24:1–25.  Plaintiff deposed Ms. Abujawdeh for over seven hours on that date.  *Id.* at 157:13–17.

Despite this, Plaintiff filed another ex parte application on March 31, 2026, less than a week before the April 6 deadline.  *See* Dkt. No. 36.  Plaintiff claims that "the individual selected by Defendant to sit for deposition lacked personal knowledge of and was clearly not adequately prepared by Defendant or its counsel to respond to even the most basic of questions regarding Defendant's relevant wage and hour policies and practices in California during the class period." Dkt. No. 36 at 5.  Plaintiff spends only about half a page of her ten-page motion explaining what exactly the witness was unable to answer, *id.* at 10, otherwise arguing that "the remaining topics to be covered by a qualified, prepared PMQ deponent for Defendant are self-evidently significant in both scope and importance to the issues to be addressed by the parties in their respective briefing on class certification," *id.* at 12.  The fact that the witness didn't know the answers to some questions does not mean that Plaintiff is entitled to an extension, and Plaintiff's papers make it difficult to understand what specifically was inadequate.  Notably, Defendant presents excerpts of responsive answers from the witness for each of the specific questions that Plaintiff raises in her ex parte application.  *See* Dkt. No. 39 at 10–13.

The day after the deposition, Plaintiff insisted on scheduling an additional deposition of Ms. Abujawdeh or another qualified witness.  Dkt. No. 36-1, Ex. G.  Defendant asked Plaintiff to articulate the basis for any additional deposition by identifying specific questions that Ms. Abujawdeh did not answer.  Dkt. No. 40, Ex. D.  Instead of conferring with Defendant and trying to resolve this without the Court's intervention, Plaintiff refused to answer this (reasonable)

_____

28-1, Ex. F.  Plaintiff then had to suspend her deposition after two hours for a family emergency. Dkt. No. 28-1 ¶ 20.

United States District Court
Northern District of California

request, stating that "[g]iven Ms. Abujawdeh's obvious lack of preparation and inability to provide substantive responses to basic, clearly relevant questions, your demand for a list of 'specific questions' that the deponent did not answer along with explanations of each question's relevance is not well-taken." *Id.* This response prevented a potential opportunity to resolve this dispute earlier, and Plaintiff's evasion makes the Court skeptical as to whether there was a true good-faith basis for this extension request.

At bottom, Plaintiff got what the Court previously ordered: a month to conduct a seven-hour deposition of Defendant's vice president of human resources during the class period. Plaintiff cannot use vague objections about the content of this deposition to access discovery she failed to diligently get before. Accordingly, the Court **DENIES** Plaintiff's ex parte application, Dkt. No. 36. Plaintiff must file her motion for class certification by the current deadline of April 6, 2026. Plaintiff's motion must specifically address why the Court should find counsel adequate to represent the class in light of the unfavorable record developed in connection with this extension request and the original February 20, 2026 request.

**IT IS SO ORDERED.**

Dated: April 3, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

3